UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAELA A. MALAVE,<br><br>　　　　　　　　Plaintiff,<br><br>-against-<br><br>DETECTIVE RYAN PRICE, BADGE #1458;<br>JUDGE ROBERT A. SCHWARTZ,<br><br>　　　　　　　　Defendants. | 24-CV-3539 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Sunnyside, Queens County, New York, brings this action *pro se*. She asserts that a Nassau County police detective searched her home, pursuant to an unlawful order issued in the Supreme Court of the State of New York, Nassau County. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Plaintiff contends that Defendants violated her rights on October 23, 2023, by causing an unlawful search of her home in Sunnyside, Queens County, New York. Queens County is within

the Eastern District of New York. 28 U.S.C. § 112(c). Because Plaintiff's claims arose outside this district, venue is not proper in this district under Section 1391(b)(2). The complaint also gives no indication that either Police Detective Price or Nassau County Judge Schwartz resides in this district, and it is therefore unclear that venue is proper in this district under Section 1391(b)(1). Venue is proper under Section 1391(b)(2), however, in the Eastern District of New York, where Plaintiff's claims arose.

A court may transfer a case to any other district where it might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), even if venue is proper in the district where the case was filed. In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff does not reside in this district and the underlying events occurred in Queens County. It is reasonable to expect that all relevant documents and witnesses are also located there. The Eastern District of

New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 8, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge